UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUSIE ACOSTA,                          )    Case No. ED CV 09-2037-PJW
                                       )
            Plaintiff,                 )
                                       )    MEMORANDUM OPINION AND ORDER
      v.                               )
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of the                    )
Social Security Administration,        )
                                       )
            Defendant.                 )
_____)

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income benefits ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred in: 1) failing to properly consider her husband's testimony; 2) not properly taking into account her mental impairment; and 3) rejecting the opinion of her treating psychiatrist. For the reasons explained below, the Court concludes that the ALJ erred when he failed to address the husband's testimony and remand is warranted for further consideration of this issue.

1

## II. SUMMARY OF PROCEEDINGS

2      On April 18, 2006, Plaintiff applied for SSI and Disability
3  Insurance benefits ("DIB"), claiming that she was unable to work
4  because of depression, diabetes, shoulder pain, and problems with her
5  eyes, lungs, and kidneys.[1]  (Administrative Record ("AR") 17, 92, 117-
6  19.)   The Agency denied the applications initially and on
7  reconsideration.  (AR 86-97, 101-11.)  Plaintiff then requested and
8  was granted a hearing before an ALJ.  (AR 26, 116.)  On April 2, 2008,
9  Plaintiff appeared at the hearing with counsel and testified.  (AR 42-
10 60.)   At the hearing, she withdrew her application for DIB and
11 proceeded only on her SSI claim.  (AR 36-37.)  On September 25, 2008,
12 the ALJ issued a decision denying her application for SSI.  (AR 17-
13 25.)   Plaintiff appealed to the Appeals Council, which denied her
14 request for review.  (AR 1-4.)  She then filed the instant action.

15                          III. DISCUSSION

16 1.   Lay Witness Testimony

17     Plaintiff's husband testified at the administrative hearing that
18 Plaintiff cannot go outside by herself or be around people very much;
19 consequently, she only leaves the house to accompany him to the
20 grocery store or to be taken to a doctor's appointment.  (AR 63, 64,
21 66.)   He told the ALJ that Plaintiff does not get out of bed three
22 days a week and, on other days, she only goes to the kitchen to get
23 some food.  (AR 67.)  The ALJ failed to mention the husband's

24

25 ───────────────

26      [1]  Plaintiff's SSI application is not part of the administrative
   record; however, the parties agree that it was filed on April 18,
27 2006.  (Joint Stip. at 2 n.2.)  The Court takes the description of her
   complaints from the Agency's initial denial of the SSI application.
28 (AR 92.)

                                   2

1  testimony in his decision.   (AR 17-25.)   Plaintiff contends that this
2  oversight constitutes reversible error.   The Court agrees.

3      Lay testimony is competent evidence and an ALJ is required to
4  consider it in determining if a claimant is disabled.   *See Nguyen v.*
5  *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) ("Lay testimony as to a
6  claimant's *symptoms* is competent evidence which the Secretary must
7  take into account.").   Failure to consider lay testimony constitutes
8  error.   *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056
9  (9th Cir. 2006).   Further, the error mandates reversal unless the
10  district court can conclude that no reasonable ALJ, when fully
11  crediting the testimony, could have found that the claimant was
12  disabled.   *Id.* ("[W]e hold that where the ALJ's error lies in a
13  failure to properly discuss competent lay testimony favorable to the
14  claimant, a reviewing court cannot consider the error harmless unless
15  it can confidently conclude that no reasonable ALJ, when fully
16  crediting the testimony, could have reached a different disability
17  determination.").

18      Accepting the husband's testimony that Plaintiff does not go out
19  by herself, does not want to be around other people, leaves the house
20  only for doctor's appointments and to shop, and does not get out of
21  bed three days a week, a reasonable ALJ would likely have concluded
22  that Plaintiff was disabled.   Thus, the ALJ's error here was not
23  harmless and remand is warranted.

24      Defendant disagrees.   It argues that the husband's testimony
25  would not have altered the outcome since, in many respects, it merely
26  echoed Plaintiff's testimony and Plaintiff's testimony was properly
27  rejected by the ALJ.   (Joint Stip. at 7-8.)   It points out further
28  that, where the husband's testimony did not echo Plaintiff's

3

1 testimony, it contradicted it, further calling into question
2 Plaintiff's claims.

3      This argument is rejected out of hand. This is not the time or
4 place to argue how the ALJ could have rejected the husband's testimony
5 had he addressed it. This is the time and place to set forth what the
6 husband said and then determine if, assuming those statements were
7 fully credited by the ALJ, he could have concluded that Plaintiff was
8 disabled. Here, it seems clear that a reasonable ALJ could have so
9 concluded and, therefore, remand is required.

10      2.   The ALJ's Credibility Evaluation

11      Though set forth under the heading, "whether the ALJ properly
12 evaluated Susie Acosta's mental impairments," (Joint Stip. at 3),
13 Plaintiff's second argument relates to the ALJ's finding that she was
14 not credible. Plaintiff complains throughout this section that this
15 finding was erroneous. For the following reasons, the Court concludes
16 that the ALJ's finding that Plaintiff was not credible was based on
17 specific and legitimate reasons and that those reasons were supported
18 by substantial evidence in the record. As a result, it will be
19 affirmed.

20      ALJs are tasked with judging the credibility of witnesses. In
21 making these credibility determinations, ALJs employ ordinary
22 credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273,
23 1284 (9th Cir. 1996). Where a claimant has produced objective medical
24 evidence of an impairment which could reasonably be expected to
25 produce the symptoms alleged and there is no evidence of malingering,
26 the ALJ can only reject the claimant's testimony for specific, clear,
27 and convincing reasons. *Id*. at 1283-84. These reasons must be

28

4

1   supported by substantial evidence in the record.   *Thomas v. Barnhart*,
2   278 F.3d 947, 959 (9th Cir. 2002).[2]

3       When Plaintiff applied for benefits in April 2006, she reported
4   that she was suffering from, among other things, depression.   (AR
5   153.)   Her application was denied initially in August 2006 and on
6   reconsideration in January 2007.   In June 2007, Plaintiff went to
7   Arcadia Mental Health Center for treatment for the first time,
8   complaining for the first time that she was suffering from
9   hallucinations and phobic and persecutory ideation.   (AR 319-24, 333-
10   36.)   As a result, her Global Assessment of Functioning was assessed
11   at 31, (AR 324), meaning that she was severely impaired.   *See* Am.
12   Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental*
13   *Disorders* 34 (4th ed. text rev. 2000).   The ALJ discounted Plaintiff's
14   claims, finding that she was at a minimum exaggerating and, likely,
15   simply feigning symptoms.   (AR 21-23.)   Plaintiff argues that the ALJ
16   erred in concluding that she was not credible.   There is no merit to
17   this argument.

18       The ALJ found that Plaintiff never reported that she was
19   suffering from major depressive disorder with psychotic features--
20   i.e., paranoia, hallucinations, and hearing voices--until after her
21   applications for benefits were denied by the Agency in January 2007,
22   and that this undermined her credibility.   (AR 21-22.)   The fact that
23   Plaintiff did not report psychotic symptoms until after her claim was

24

25       [2]   Though the ALJ arguably concluded that Plaintiff was
    malingering, at least as to her claim that she was experiencing
26   psychotic episodes, (AR 22 ("[T]he claimant's conduct strongly
    suggests that she greatly exaggerated, if not fabricated symptoms at
27   Arcadia Mental Health."), the ALJ did not state that he was finding
    that Plaintiff was malingering so the Court will use the more
28   stringent standard in evaluating the credibility determination.

1  denied by the Agency is supported by substantial evidence in the
2  record and is a legitimate reason to question a claimant's
3  credibility.  *See De Guzman v. Astrue*, 343 Fed. Appx. 201, 204 (9th
4  Cir. 2009) (affirming adverse credibility finding where the evidence
5  supported the ALJ's finding that there was no explanation for
6  claimant's symptoms "suddenly [taking] a turn for the worse" except
7  that her disability benefits were denied); *Bicknell v. Astrue*, 343
8  Fed. Appx. 275, 277 (9th Cir. 2009) (holding that ALJ properly
9  discredited claimant's testimony based on "'dramatic shift' in the
10 reporting of [claimant's] back-pain-related symptoms between being
11 cleared for work by [his doctor] on September 26, 2001 and his first
12 interview with [different doctor] on October 1, 2001.").

13       The ALJ also relied on the fact that, at the same time that
14 Plaintiff was reporting to her psychiatrist that she was experiencing
15 severe psychiatric symptoms, she was not telling her treating doctor
16 about them.[3]  (AR 22.)  This fact also is supported by substantial
17 evidence in the record.  (AR 276-78 (treating physician noted that
18 Plaintiff was depressed in visits in June and August 2006 and April
19 2007, but did not note any marked change in symptoms during that time,
20 did not note any complaints of paranoia or hallucinations, and did not
21 note any significant mental impairments in visits in August 2007 and
22 January 2008).)  It, too, is a valid reason to question a claimant's
23 veracity.  *See Wallace v. Astrue*, 276 Fed. Appx. 628, 628-29 (9th Cir.

24

25       [3]  The ALJ noted, and the Court agrees, "[i]f the claimant was
26 truly experiencing the level of symptoms she claims including paranoia
   and hallucinations, [one] would expect her primary medical source, who
27 previously treated her for depression, [to] note at least some
   abnormalities or concerns with her presentation and mental status."
28 (AR 22.)

6

1  2008) (upholding adverse credibility finding where claimant provided
2  "inconsistent information to the doctors concerning her condition and
3  her past history of drug and alcohol use, as well as her history of
4  psychiatric treatment"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148
5  (9th Cir. 2001) (concluding inconsistencies in claimant's statements
6  support discrediting the testimony of claimant).

7        Because the ALJ's reasons for discounting Plaintiff's testimony
8  were supported by the record and were legitimate under the law, the
9  credibility finding will not be overturned.

10       3.    The Treating Psychiatrist's Opinion

11       Treating psychiatrist Edgar Drew from Arcadia Mental Health
12  Center determined that Plaintiff was severely impaired.  The ALJ
13  discounted this opinion.  Plaintiff complains that the ALJ failed to
14  provide clear and convincing reasons for doing so.  For the following
15  reasons, this claim, too, is rejected.

16       It is well-established that, "[b]y rule, the Social Security
17  Administration favors the opinion of a treating physician over non-
18  treating physicians."  *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir.
19  2007).  Where the treating physician's opinion is contradicted by a
20  non-treating physician's opinion, the ALJ must provide specific and
21  legitimate reasons, supported by substantial evidence in the record,
22  for rejecting it.  *Id.* at 632 (citing *Lester v. Chater*, 81 F.3d 821,
23  830 (9th Cir. 1995)).  Though, in general, a treating doctor's opinion
24  is entitled to deference, *see, e.g., id.* at 631, a treating doctor's
25  opinion regarding the ultimate issue of disability is not entitled to
26  any special weight.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359
27  F.3d 1190, 1195 (9th Cir. 2004) (reaffirming that treating physician's
28  opinion is "not binding on an ALJ with respect to the . . . ultimate

7

1  determination of disability"); 20 C.F.R. § 404.1527(e)(3); *see also*
2  Social Security Ruling 96-5p (stating that opinion that claimant is
3  disabled, "even when offered by a treating source, . . . can never be
4  entitled to controlling weight or given special significance").

5      Plaintiff told her treating psychiatrist that she was suffering
6  from delusions and hallucinations. Based on these claims, the
7  treating psychiatrist determined that Plaintiff was severely impaired.
8  But Plaintiff was not credible and, therefore, an opinion based on her
9  reports of what she was experiencing was worthless. As such, the ALJ
10 properly discounted it. *See Tonapetyan*, 242 F.3d at 1149 (holding
11 that, when the record supports the ALJ's discounting of the claimant's
12 credibility, the ALJ is free to disregard a doctor's opinion premised
13 on the claimant's subjective complaints); *Fair v. Bowen*, 885 F.2d 597,
14 605 (9th Cir. 1989) (concluding ALJ properly disregarded treating
15 physician's opinion "because it was premised on [claimant's] own
16 subjective complaints, which the ALJ had already properly
17 discounted"). For this reason, the Court concludes that there is no
18 merit to this claim.

19                          IV. CONCLUSION

20     For these reasons, the Agency's decision is reversed and the case
21 is remanded for further proceedings consistent with this memorandum
22 opinion and order.

23     IT IS SO ORDERED.
24     DATED: April 6, 2010.

25
26
27                               PATRICK J. WALSH
28                               UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\Acosta\Memo_Opinion.wpd

8